87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Serena M. GAMBLE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary,** Health &
Human Services, Defendant-Appellee.
 No. 95-35514.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 12, 1996.
 
 1
 Before: BROWNING and T.G. NELSON, Circuit Judges, and SMITH,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Serena Gamble appeals from the denial of her application for Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 Substantial evidence supported the Commissioner's decision to deny benefits.
 
 A.
 
 5
 The ALJ did not err in accepting the opinion of McKnight, the court-appointed medical expert, over the views of Lipp and McManis, mental health experts who had examined Gamble.
 
 
 6
 Because the opinions of Lipp and McManis were contradicted by other psychologists, the ALJ could reject them provided she gave specific, legitimate reasons for doing so, see Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996), which she did. The ALJ correctly noted that because Lipp is not a licensed psychologist, he is not an "acceptable medical source" within the meaning of the Social Security regulations. See 20 C.F.R. § 416.913(a) (acceptable medical sources include licensed physicians and licensed psychologists); id. Pt. 404, Subpt. P, App. 1(D) (ALJ may consider information from nonmedical sources). Although the ALJ was not required to discount Lipp's testimony entirely, neither was she required to accept his diagnosis.[1] Although McManis was an examining psychologist, his report was lacking in detail and, according to McKnight, did not provide adequate support for his diagnosis of paranoid schizophrenia. Moreover, his diagnosis differed from that reached by every other psychologist who examined Gamble or reviewed her medical records.
 
 
 7
 The ALJ did not err in accepting McKnight's opinion. The opinion of a nonexamining physician cannot, by itself, constitute substantial evidence that justifies rejecting the opinion of an examining or treating physician. See Lester, 81 F.3d at 830; Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir.1990). Here, however, McKnight's opinion coincided with that of Beaty, an examining psychologist who diagnosed personality disorder and concluded Gamble's ability to hold a job would be only mildly impaired, and with other evidence in the record.
 
 B.
 
 8
 The ALJ did not err in finding Gamble failed to meet the Social Security Act's impairment listings for affective disorders and personality disorders. Gamble's argument to the contrary is based on the testimony of Lipp and McManis, which the ALJ properly rejected. The opinions of McKnight and Beaty, along with other evidence in the record, constituted substantial evidence supporting the ALJ's determination that Gamble did not meet the listings.
 
 C.
 
 9
 We reject Gamble's contention that the ALJ erred by posing a hypothetical to the vocational expert that did not reflect Lipp and McManis's view of Gamble's limitations. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988) (hypothetical directed to a vocational expert must accurately reflect the claimant's limitations as shown in the record). Because the ALJ properly credited McKnight's testimony over that of Lipp and McManis, she did not err in posing a hypothetical that reflected McKnight's view of Gamble's limitations.
 
 D.
 
 10
 Finally, we reject Gamble's claim that the ALJ erred by failing to consider the record as a whole. Gamble complains the ALJ failed to consider "the entirety" of certain testimony, such as McKnight's statement that Gamble would not last a day in an office job. But while this court, in reviewing the ALJ's decision, is required to "consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," Smollen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996), there is no requirement that the ALJ comment on every piece of evidence before her.[2]
 
 
 11
 * * *
 
 
 12
 Faced with conflicting assessments of Gamble's mental impairment, the ALJ properly considered the record as a whole and provided specific, legitimate reasons for accepting the opinions of McKnight and Beaty. Substantial evidence supports her determination that Gamble did not meet the impairment listings and thus was not eligible for disability benefits.
 
 
 13
 AFFIRMED.
 
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 The Honorable Fern M. Smith, District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ also pointed to inconsistencies underlying Lipp's conclusions; even had he been an acceptable medical source, these inconsistencies were sufficient to justify the ALJ's decision to reject his testimony
 
 
 [2]
 In essence, Gamble's complaint is not that the ALJ failed to consider all the evidence but that she failed to give sufficient weight to the evidence supporting Gamble's claim. However, the ALJ's duty is to resolve evidentiary conflicts, see Allen v. Heckler, 749 F2d 577, 579 (9th Cir.1985), and substantial evidence supports her resolution of the conflicting diagnoses in this case